IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SALATIEL MULLER KINSMAN,

*Petitioner,*

v.

J.L. JAMISON, et al.,

*Respondents.*

CIVIL ACTION

NO. 26-2493

## ORDER

**AND NOW**, this 22nd day of April, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Muller Kinsman is not subject to mandatory detention under 8**

   **U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to

   the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]     In September of 2022, Salatiel Muller Kinsman, a native of Nicaragua, entered the United States. (Pet. ¶ 1, Dkt. No. 1.)  Immigration officials detained him, began removal proceedings against him, and then released him on the condition that he attend routine check-ins. (*Id.* ¶¶ 3, 5, 41.)  He did so on April 13, 2026, where ICE officials arrested and transferred him to the Philadelphia Federal Detention Center. (*Id.* ¶¶ 2, 6–7.)  He is currently detained under 8 U.S.C. § 1225(b)(2) and thus has not received a bond hearing from an immigration judge. (*Id.* ¶¶ 2, 5.)
        Muller Kinsman filed a federal *habeas* petition on April 13, 2026, alleging violations of the Immigration and Nationality Act, Administrative Procedure Act and due process. (*Id.* at 12–16.)  He seeks an order preventing the Government from transferring him outside the Eastern District, directing the Government to show cause, declaring his detention his unlawful, and releasing him from detention. (*Id.* at 16–18.)  The Government responded that he is lawfully detained under § 1225(b)(2). *See* (Gov't Resp. in Opp'n at 5–8, Dkt. No. 4).
        The Court disagrees with the Government for the reasons stated in *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (citing 282 out of 288 district court decisions rejecting the Government's position) and echoed in *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026) (citing 201 decisions in the Eastern District rejecting the Government's position). Muller Kinsman was already in the United States—not "seeking admission" as § 1225(b) requires—when ICE agents detained him last week.  Because the Government detained him under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a

2.   **On or before April 29, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Muller Kinsman with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.   Should the immigration judge deny bond, Muller Kinsman may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  The Court need not address his due process claim.